# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

APRIL 2024

E-Filing Number: 2404063610

03499

| | |
|---|---|
| PLAINTIFF'S NAME<br>MARGARET CARR | DEFENDANT'S NAME<br>WAL-MART STORES EAST, INC. |
| PLAINTIFF'S ADDRESS<br>403 PRESCOTT COURT<br>WARRINGTON PA 18976 | DEFENDANT'S ADDRESS<br>C/O CT CORPORATION SYSTEM 600 N. SECOND STREET<br>SUITE 401<br>HARRISBURG PA 17101 |
| PLAINTIFF'S NAME<br>TIM CARR | DEFENDANT'S NAME<br>WAL-MART STORES EAST, LP |
| PLAINTIFF'S ADDRESS<br>403 PRESCOTT COURT<br>WARRINGTON PA 18976 | DEFENDANT'S ADDRESS<br>C/O CT CORPORATION SYSTEM 600 N. SECOND STREET<br>SUITE 401<br>HARRISBURG PA 17101 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>WAL-MART REAL ESTATE BUSINESS TRUST |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>C/O THE CORPORATION TRUST COMP CORPORATION<br>TRUST CENTER 1209 ORANGE STREET<br>WILMINGTON DE 19801 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 22 | [X] Complaint    [ ] Petition Action    [ ] Notice of Appeal<br>[ ] Writ of Summons    [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE

2S - PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED<br>PRO PROTHY<br><br>APR 26 2024<br><br>G. IMPERATO | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>    YES    NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: MARGARET CARR , TIM CARR

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>KEVIN PATRICK. OBRIEN | ADDRESS<br>500 COTTMAN AVE.<br>CHELTENHAM PA 19012 |
|---|---|
| PHONE NUMBER<br>(215)663-0400    FAX NUMBER<br>(215)663-9112 | |
| SUPREME COURT IDENTIFICATION NO.<br>313081 | E-MAIL ADDRESS<br>kobrien@stamponelaw.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>KEVIN OBRIEN | DATE SUBMITTED<br>Friday, April 26, 2024, 02:00 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. WAL-MART STORES EAST, INC.
   C/O CT CORPORATION SYSTEM 600 N. SECOND STREET SUITE 401
   HARRISBURG PA 17101
2. WAL-MART STORES EAST, LP
   C/O CT CORPORATION SYSTEM 600 N. SECOND STREET SUITE 401
   HARRISBURG PA 17101
3. WAL-MART REAL ESTATE BUSINESS TRUST
   C/O THE CORPORATION TRUST COMP CORPORATION TRUST CENTER 1209 ORANGE STREET
   WILMINGTON DE 19801
4. WALMART, INC.
   C/O CT CORPORATION SYSTEM 600 N. SECOND STREET SUITE 401
   HARRISBURG PA 17101
5. CITY FACILITIES MANAGEMENT (FL) LLC
   C/O CORPORATION SERVICE COMPAN 251 LITTLE FALLS DRIVE
   WILMINGTON DE 19808
6. STANLEY ACCESS, INC.
   ALIAS: STANLEY ACCESS TECHNOLOGIES
   C/O CORPORATION SERVICE COMPAN 251 LITTLE FALLS DRIVE
   WILMINGTON DE 19808
7. STANLEY ACCESS TECHNOLOGIES, LLC
   C/O CORPORATION SERVICE COMPAN 251 LITTLE FALLS DRIVE
   WILMINGTON DE 19808
8. STANLEY ACCESS TECHNOLOGIES
   C/O CORPORATION SERVICE COMPAN 251 LITTLE FALLS DRIVE
   WILMINGTON DE 19808
9. STANLEY
   C/O CORPORATION SERVICE COMPAN 251 LITTLE FALLS DRIVE
   WILMINGTON DE 19808
10. STANLEY LOGISTICS, LLC
    C/O CORPORATION SERVICE COMPAN 251 LITTLE FALLS DRIVE
    WILMINGTON DE 19808
11. STANLEY BLACK & DECKER, INC.
    C/O CORPORATION SERVICE COMPAN 251 LITTLE FALLS DRIVE
    WILMINGTON DE 19808
12. ALLEGION, PLC
    C/O CORPORATION SERVICE COMPAN 251 LITTLE FALLS DRIVE
    WILMINGTON DE 19808
13. ALLEGION
    C/O CORPORATION SERVICE COMPAN 251 LITTLE FALLS DRIVE
    WILMINGTON DE 19808
14. ALLEGION ACCESS TECHNOLOGIES
    C/O CORPORATION SERVICE COMPAN 251 LITTLE FALLS DRIVE
    WILMINGTON DE 19808
15. ALLEGION US HOLDING, III, INC.
    C/O CORPORATION SERVICE COMPAN 251 LITTLE FALLS DRIVE
    WILMINGOTN DE 19808
16. ALLEGION US HOLDING COMPANY, INC.
    C/O CORPORATION SERVICE COMPAN 251 LITTLE FALLS DRIVE
    WILMINGTON DE 19808
17. ALLEGION S&S LOCK HOLDING COMPANY, INC.
    C/O CORPORATION SERVICE COMPAN 251 LITTLE FALLS DRIVE
    WILMINGTON DE 19808
18. ALLEGION S&S HOLDING COMPANY, INC.
    C/O CORPORATION SERVICE COMPAN 251 LITTLE FALLS DRIVE
    WILMINGTON  DE 19808
19. ALLEGION ACCESS TECHNOLOGIES, LLC
    C/O CORPORATION SERVICE COMPAN 251 LITTLE FALLS DRIVE
    WILMINGTON DE 19808
20. JOHN DOE 1-5
    000 000
    PHILADELPHIA PA 00000
21. JOHN DOE MAINTENANCE COMPANIES 1-5
    000 000

```
         PHILADELPHIA PA 00000
22. JOHN DOE INSPECTION COMPANIES 1-5
         000 000
         PHILADELPHIA PA 00000
```

**STAMPONE O'BRIEN DILSHEIMER HOLLOWAY**
Kevin P. O'Brien, Esquire
ID No.: 313081
500 Cottman Avenue
Cheltenham, PA 19012
(215)663-0400

THIS IS A MAJOR
MATTER.

Filed and Attested by the
Office of Judicial Records
26 APR 2024 02:00 pm
IMPERATO

Attorney for Plaintiff

| | |
|---|---|
| **MARGARET CARR AND TIM CARR,** | COURT OF COMMON PLEAS |
| Husband and Wife | PHILADELPHIA COUNTY |
| 403 Prescott Court | |
| Warrington, PA 18976 | |
| vs. | |

**WAL-MART STORES EAST, INC.**
c/o CT Corporation System
600 N Second Street                                                    TERM
Suite 401
Harrisburg, PA 17101
AND
**WAL-MART STORES EAST, LP**
c/o CT Corporation System
600 N Second Street                    NO.:
Suite 401
Harrisburg, PA 17101
AND
**WAL-MART REAL ESTATE BUSINESS TRUST**
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801
AND
**WALMART, INC.**
c/o CT Corporation System
600 N Second Street
Suite 401
Harrisburg, PA 17101
AND
**CITY FACILITIES MANAGEMENT (FL) LLC**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
AND
**STANLEY ACCESS, INC.**
**d/b/a STANLEY ACCESS TECHNOLOGIES**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Case ID: 240403499

and
11819 North Pennsylvania Street
Carmel, IN 46032
AND
**STANLEY ACCESS TECHNOLOGIES, LLC**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
and
11819 North Pennsylvania Street
Carmel, IN 46032
AND
**STANLEY ACCESS TECHNOLOGIES**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
and
11819 North Pennsylvania Street
Carmel, IN 46032
AND
**STANLEY**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
and
11819 North Pennsylvania Street
Carmel, IN 46032
AND
**STANLEY LOGISTICS, LLC**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
and
11819 North Pennsylvania Street
Carmel, IN 46032
AND
**STANLEY BLACK & DECKER, INC.**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
and
11819 North Pennsylvania Street
Carmel, IN 46032
AND
**ALLEGION, PLC**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Case ID: 240403499

and
11819 North Pennsylvania Street
Carmel, IN 46032
AND

**ALLEGION**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
and
11819 North Pennsylvania Street
Carmel, IN 46032
AND

**ALLEGION ACCESS TECHNOLOGIES**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
and
11819 North Pennsylvania Street
Carmel, IN 46032
AND

**ALLEGION US HOLDING, III, INC.**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
and
11819 North Pennsylvania Street
Carmel, IN 46032
AND

**ALLEGION US HOLDING COMPANY, INC.**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
and
11819 North Pennsylvania Street
Carmel, IN 46032
AND

**ALLEGION S&S LOCK HOLDING COMPANY, INC.**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
and
11819 North Pennsylvania Street
Carmel, IN 46032
AND

**ALLEGION S&S HOLDING COMPANY, INC.**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
and
11819 North Pennsylvania Street
Carmel, IN 46032

Case ID: 240403499

AND

**ALLEGION ACCESS TECHNOLOGIES, LLC**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
and
11819 North Pennsylvania Street
Carmel, IN 46032
AND

**JOHN DOE 1-5**
fictitious name
Currently used to designate an
Unknown party to this action
AND

**JOHN DOE MAINTENANCE COMPANIES 1-5**
fictitious name
Currently used to designate an
Unknown party to this action
and
AND

**JOHN DOE INSPECTION COMPANIES 1-5**
fictitious name
Currently used to designate an
Unknown party to this action

## COMPLAINT IN CIVIL ACTION

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance person-ally or by attorney and filing in writing with the court your defense objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, PA 19107
(215) 238-1701

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea a visado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede pere dinero o sus propiedades u otros derechos importantes para usted.

Lleva esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Asociacion de Licenciados
de Filadelfia
Servicio de Referencia e
Informacion Legal
One Reading Center
Filadelfia, PA 19107
(215) 238-1701

STAMPONE O'BRIEN DILSHEIMER HOLLOWAY
BY: KEVIN P. O'BRIEN, ESQUIRE
Attorney I.D. No. 313081
500 Cottman Avenue
Cheltenham, PA 19012
(215) 663-0400
Attorney for Plaintiff(s)

| | |
|---|---|
| **MARGARET CARR AND TIM CARR,** | COURT OF COMMON PLEAS |
| Husband and Wife | PHILADELPHIA COUNTY |
| 403 Prescott Court | |
| Warrington, PA 18976 | |
| vs. : | |
| | |
| **WAL-MART STORES EAST, INC.** | |
| c/o CT Corporation System | |
| 600 N Second Street : | TERM |
| Suite 401 | |
| Harrisburg, PA 17101 | |
| AND | |
| **WAL-MART STORES EAST, LP** : | |
| c/o CT Corporation System | |
| 600 N Second Street | NO.: |
| Suite 401 | |
| Harrisburg, PA 17101 | |
| AND : | |
| **WAL-MART REAL ESTATE BUSINESS TRUST** | |
| c/o The Corporation Trust Company | |
| Corporation Trust Center | |
| 1209 Orange Street | |
| Wilmington, DE 19801 | |
| AND | |
| **WALMART, INC.** | |
| c/o CT Corporation System | |
| 600 N Second Street : | |
| Suite 401 | |
| Harrisburg, PA 17101 | |
| AND | |
| **CITY FACILITIES MANAGEMENT (FL) LLC** | |
| c/o Corporation Service Company | |
| 251 Little Falls Drive | |
| Wilmington, DE 19808 | |
| AND | |

Case ID: 240403499

**STANLEY ACCESS, INC.**
**d/b/a STANLEY ACCESS TECHNOLOGIES**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
and
11819 North Pennsylvania Street
Carmel, IN 46032
AND

**STANLEY ACCESS TECHNOLOGIES, LLC**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
and
11819 North Pennsylvania Street
Carmel, IN 46032
AND

**STANLEY ACCESS TECHNOLOGIES**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
and
11819 North Pennsylvania Street
Carmel, IN 46032
AND

**STANLEY**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
and
11819 North Pennsylvania Street
Carmel, IN 46032
AND

**STANLEY LOGISTICS, LLC**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
and
11819 North Pennsylvania Street
Carmel, IN 46032
AND

**STANLEY BLACK & DECKER, INC.**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
and

2

Case ID: 240403499

11819 North Pennsylvania Street
Carmel, IN 46032
AND
**ALLEGION, PLC**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
and
11819 North Pennsylvania Street
Carmel, IN 46032
AND
**ALLEGION**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
and
11819 North Pennsylvania Street
Carmel, IN 46032
AND
**ALLEGION ACCESS TECHNOLOGIES**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
and
11819 North Pennsylvania Street
Carmel, IN 46032
AND
**ALLEGION US HOLDING, III, INC.**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
and
11819 North Pennsylvania Street
Carmel, IN 46032
AND
**ALLEGION US HOLDING COMPANY, INC.**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
and
11819 North Pennsylvania Street
Carmel, IN 46032
AND
**ALLEGION S&S LOCK HOLDING COMPANY, INC.**
c/o Corporation Service Company
251 Little Falls Drive

3

Wilmington, DE 19808
and
11819 North Pennsylvania Street
Carmel, IN 46032
AND

**ALLEGION S&S HOLDING COMPANY, INC.**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
and
11819 North Pennsylvania Street
Carmel, IN 46032
AND

**ALLEGION ACCESS TECHNOLOGIES, LLC**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
and
11819 North Pennsylvania Street
Carmel, IN 46032
AND

**JOHN DOE 1-5**
fictitious name
Currently used to designate an
Unknown party to this action
AND

**JOHN DOE MAINTENANCE COMPANIES 1-5**
fictitious name
Currently used to designate an
Unknown party to this action
and
AND

**JOHN DOE INSPECTION COMPANIES 1-5**
fictitious name
Currently used to designate an
Unknown party to this action

## COMPLAINT IN CIVIL ACTION

1.     Plaintiff, Margaret Carr is an adult individual and citizen of the Commonwealth

of Pennsylvania, residing therein at 403 Prescott Court, Warrington, PA 18976.

4

2.   Plaintiff, Tim Carr is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 403 Prescott Court, Warrington, PA 18976.

3.   Defendant, Wal-Mart Stores East, Inc., is alleged and therefore averred to be a corporation, partnership and/or other business entity, licensed to transact business in the Commonwealth of Pennsylvania with a registered service address c/o CT Corporation System 600 N Second Street, Suite 401, Harrisburg, PA 17101.

4.   Defendant, Wal-Mart Stores East, LP, is alleged and therefore averred to be a corporation, partnership and/or other business entity, licensed to transact business in the Commonwealth of Pennsylvania with a registered service address c/o CT Corporation System, 600 N Second Street, Suite 401, Harrisburg, PA 17101.

5.   Defendant, Wal-Mart Real Estate Business Trust is alleged and therefore averred to be a corporation, partnership and/or other business entity licensed to transaction business in the Commonwealth of Pennsylvania with a registered service address c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

6.   Defendant, Walmart Inc., is alleged and therefore averred to be a corporation, partnership and/or other business entity licensed to transaction business in the Commonwealth of Pennsylvania with a registered service address c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

7.   Defendant, City Facilities Management (FL) LLC is alleged and therefore averred to be a corporation, partnership and/or other business entity licensed to transact business in the Commonwealth of Pennsylvania with a registered service address c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

Case ID: 240403499

8. Defendant, Stanley Access, Inc., d/b/a Stanley Access Technologies is alleged and therefore averred to be a corporation, partnership and/or other business entity licensed to transact business in the Commonwealth of Pennsylvania with a registered service address c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808 and a business address located at 11819 North Pennsylvania Street, Carmel, IN 46032.

9. Defendant, Stanley Access Technologies, LLC is alleged and therefore averred to be a corporation, partnership and/or other business entity licensed to transact business in the Commonwealth of Pennsylvania with a registered service address c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808 and a business address located at 11819 North Pennsylvania Street, Carmel, IN, 46032.

10. Stanley Access Technologies is alleged and therefore averred to be a corporation, partnership and/or other business entity licensed to transact business in the Commonwealth of Pennsylvania with a registered service address c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808 and a business address located at 11819 North Pennsylvania Street, Carmel, IN, 46032

11. Stanley is alleged and therefore averred to be a corporation, partnership and/or other business entity licensed to transact business in the Commonwealth of Pennsylvania with a registered service address c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808 and a business address located at 11819 North Pennsylvania Street, Carmel, IN, 46032

12. Stanley Logistics, LLC is alleged and therefore averred to be a corporation, partnership and/or other business entity licensed to transact business in the Commonwealth of Pennsylvania with a registered service address c/o Corporation Service Company, 251 Little

6

Falls Drive, Wilmington, DE 19808 and a business address located at 11819 North Pennsylvania Street, Carmel, IN, 46032

13. Stanley Black & Decker, Inc. is alleged and therefore averred to be a corporation, partnership and/or other business entity licensed to transact business in the Commonwealth of Pennsylvania with a registered service address c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808 and a business address located at 11819 North Pennsylvania Street, Carmel, IN, 46032

14. Allegion, PLC, is alleged and therefore averred to be a corporation, partnership and/or other business entity licensed to transact business in the Commonwealth of Pennsylvania with a registered service address c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808 and a business address located at 11819 North Pennsylvania Street, Carmel, IN, 46032.

15. Allegion, is alleged and therefore averred to be a corporation, partnership and/or other business entity licensed to transact business in the Commonwealth of Pennsylvania with a registered service address and/or business address located at 11819 North Pennsylvania Street, Carmel, IN, 46032

16. Allegion Access Technologies is alleged and therefore averred to be a corporation, partnership and/or other business entity licensed to transact business in the Commonwealth of Pennsylvania with a registered service address c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808 and a business address located at 11819 North Pennsylvania Street, Carmel, IN, 46032.

17. Allegion US Holding III, Inc., is alleged and therefore averred to be a corporation, partnership and/or other business entity licensed to transact business in the Commonwealth of

7

Pennsylvania with a registered service address c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808 and a business address located at 11819 North Pennsylvania Street, Carmel, IN, 46032

18. Allegion US Holding Company Inc., is alleged and therefore averred to be a corporation, partnership and/or other business entity licensed to transact business in the Commonwealth of Pennsylvania with a registered service address c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808 and a business address located at 11819 North Pennsylvania Street, Carmel, IN, 46032

19. Allegion S&S Lock Holding Company, Inc. is alleged and therefore averred to be a corporation, partnership and/or other business entity licensed to transact business in the Commonwealth of Pennsylvania with a registered service address c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808 and a business address located at 11819 North Pennsylvania Street, Carmel, IN, 46032.

20. Allegion S&S Holding Company, Inc., is alleged and therefore averred to be a corporation, partnership and/or other business entity licensed to transact business in the Commonwealth of Pennsylvania with a registered service address c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808 and a business address located at 11819 North Pennsylvania Street, Carmel, IN, 46032.

21. Allegion Access Technologies, LLC is alleged and therefore averred to be a corporation, partnership and/or other business entity licensed to transact business in the Commonwealth of Pennsylvania with a registered service address c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808 and a business address located at 11819 North Pennsylvania Street, Carmel, IN, 46032

8

22.     These are Defendants may be referred to as the "product liability defendants."

23.     John Doe 1-5 is alleged and therefore averred to be an individual and/or citizen of the Commonwealth of Pennsylvania who performed maintenance, inspection, and/or installation services on the subject door and sensor system located at the Walmart at 299 Valley Gate Drive, Warrington, PA 18976. The name of this individual(s) is currently unknown despite a diligent investigation by the Plaintiff and is being sued under a fictitious name pursuant to the Pennsylvania Rules of Civil Procedure § 2005

24.     John Doe Maintenance Company 1-5 is alleged and therefore averred to be a corporation, partnership and/or other business entity licensed to transaction business in the Commonwealth of Pennsylvania, and which is actually a Pennsylvania domestic corporation who performed maintenance, inspection, and/or installation services on the subject door and sensor system located at the Walmart at 299 Valley Gate Drive, Warrington, PA 18976. The name of this company(ies) is currently unknown despite a diligent investigation by the Plaintiff and is being sued under a fictitious name pursuant to the Pennsylvania Rules of Civil Procedure § 2005.

25.     John Doe Inspection Company 1-5 is alleged and therefore averred to be a corporation, partnership and/or other business entity licensed to transaction business in the Commonwealth of Pennsylvania, and which is actually a Pennsylvania domestic corporation who performed maintenance, inspection, and/or installation services on the subject door and sensor system located at the Walmart at 299 Valley Gate Drive, Warrington, PA 18976. The name of this company(ies) is currently unknown despite a diligent investigation by the Plaintiff and is being sued under a fictitious name pursuant to the Pennsylvania Rules of Civil Procedure § 2005.

Case ID: 240403499

26.    Venue is proper in the City and County of Philadelphia as Defendants, and each of them, jointly and/or severally regularly conduct business in the City and County of Philadelphia.

27.    On or about May 9, 2022, the Plaintiff Margaret Carr was a business invitee and lawfully upon the premises known as Wal-Mart located at 299 Valley Gate Drive, Warrington, PA 18976 when entering through the automatic doors, the doors suddenly shut onto Plaintiff forcing her to fall to the ground, causing Plaintiff to sustain severe, serious and permanent injuries and damages which are described at length below.

28.    At all times relevant hereto, one or more of the aforementioned Defendants, and each of them, jointly and/or severally owned, managed, leased, possessed, controlled or were otherwise responsible for the maintenance of said premises, including the entrance and automatic door area where Plaintiff fell located at 299 Valley Gate Drive, Warrington, PA 18976.

29.    This accident resulted solely from the negligence and carelessness and other liability producing conduct of the Defendants, and each of their its agents, servants, workmen, contractors, sub-contractors and/or employees, jointly and/or severally and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

30.    As a result of the aforesaid accident, the Plaintiff Margaret Carr suffered injuries which are serious and permanent in nature, including, but not limited to head injury, contusions of the face, lip laceration, fracture of left tibial plateau, nondisplaced facture of the left patella and contusion of the left hand, contusions, lacerations and abrasions over various portions of her body; severe and permanent scarring and disfigurement; post-traumatic anxiety and depression; severe damage to her nerves and nervous system and various other ills and injuries which the Plaintiff yet suffers and may continue to suffer for an indefinite time into the future.

10

31.   As a further result of the aforesaid accident, Plaintiff Margaret Carr was obliged to receive and undergo medical attention and care and to incur various and diverse expenses.

32.   As a further result of the aforesaid accident, Plaintiff Margaret Carr has or may have suffered a severe loss of her earnings and impairment of her earning capacity and power, all of which may continue for an indefinite time into the future.

33.   As a further result of the aforesaid accident, the Plaintiff Margaret Carr suffered severe physical pain and trauma, mental upset and anguish and humiliation.

34.   As a further result of the aforesaid accident the Plaintiff Margaret Carrn suffered a diminution of her ability to enjoy life and life's pleasures.

**COUNT I**
**MARGARET CARR VS. WAL-MART STORES EAST, INC., WAL-MART STORES EAST, LP, WAL-MART REAL ESTATE BUSINESS TRUST, WALMART, INC., CITY FACILITIES MANAGEMENT (FL), LLC, AND JOHN DOE 1-5, JOHN DOE MAINTENANCE COMPANIES 1-5, JOHN DOE INSPECTION COMPANIES, 1-5**
**<u>NEGLIGENCE</u>**

35.   Plaintiff reavers and incorporates all preceding paragraphs herein, as though set forth at length.

36.   The negligence and carelessness of the Defendants, Wal-Mart Stores East, Inc., Wal-Mart Stores East, LP, Wal-Mart Real Estate Business Trust, Walmart, Inc., City Facilities Management (FL) LLC, and John Doe 1-5, John Doe Maintenance Company 1-5 an John Doe Inspection Companies 1-5  jointly and/or severally consists of, but is not limited to, the following:

   a.   failing to maintain the area, specifically the automatic door entrance area in a condition which would protect and safeguard persons lawfully upon said premises;

   b.   permitting said area, specifically the automatic door entrance area to become and remain defective so as to constitute a menace, danger, nuisance or trap to persons lawfully upon Defendant's premises;

11

c.    failing to have the automatic door entrance area inspected at reasonable intervals in order to determine the condition of same;

d.    failing to warn persons using said area of these dangerous conditions;

e.    disregarding the rights and safety of the Plaintiff and other persons lawfully upon said surface;

f.    failure to barricade and/or warn Plaintiff and other persons lawfully upon said premises of the dangerous condition existing thereon;

g.    failure to inspect the door and sensor system at reasonable intervals;

h.    failure to seek out dangerous conditions including the door and sensor system;

i.    Failing to ensure the door and sensor system were properly and/or safely installed;

j.    failure to use the products in compliance with the manufacturer's instruction;

k.    failing to use due care the maintenance of their property;

l.    creating a trap or nuisance, specifically the automatic door entrance area;

m.    creating a dangerous condition, specifically the automatic door area.

37.    The negligence and carelessness of the Defendants, Wal-Mart Stores East, Inc., Wal-Mart Stores, LP, Wal-Mart Real Estate Business Trust, Walmart, Inc., City Facilities Management (FL) LLC, John Doe 1-5, John Doe Maintenance Companies 1-5, and John Doe Inspection Companies 1-5, jointly and/or severally, their agents, servants, workmen, contractors, sub-contractors, and/or employees as set forth herein was the proximate and sole cause of the injuries and damages to the Plaintiff's decedent and expenses incurred as set forth above.

WHEREFORE, Plaintiff, Margaret Carr demands judgment against the Defendants, Wal-Mart Stores East, Inc., Wal-Mart Stores East, LP, Wal-Mart Real Estate Business Trust, Walmart, Inc., City Facilities Management (FL) LLC, John Doe 1-5, John Doe Maintenance Companies 1-5, and John Doe Inspection Companies 1-5, jointly and/or severally, their agents,

12

Case ID: 240403499

servants, workmen, contractors, sub-contractors and/or employees, jointly and severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT II
### MARGARET CARR V. STANLEY ACCESS, INC. D/B/A STANLEY ACCESS TECHNOLOGIES, STANLEY ACCESS TECHNOLOGIES, LLC, STANLEY ACCESS TECHNOLOGIES, STANLEY, STANLEY LOGISTICS, LLC, STANLEY BLACK & DECKER, INC., ALLEGION, PLC, ALLEGION, ALLEGION ACCESS TECHNOLOGIES, ALLEGION US HOLDING, III, INC., ALLEGION US HOLDING COMPANY, INC., ALLEGION S&S LOCK HOLDING COMPANY, INC., ALLEGION S&S HOLDING COMPANY, INC., AND ALLEGION ACCESS TECHNOLOGIES, LLC
### NEGLIGENCE

38. Plaintiff reavers and incorporates the preceding paragraphs as though set forth at length.

39. It is alleged, and therefore averred that Defendants Stanley Access, Inc. d/b/a Stanley Access Technologies, Stanley Access Technologies, LLC, Stanley Access Technologies, Stanley, Stanley Logistics, LLC, Stanley Black & Decker, Inc., Allegion, PLC, Allegion, Allegion Access Technologies, Allegion US Holding, III, Inc., Allegion US Holding Company, Inc., Allegion S&S Holding Company, Inc., Allegion S&S Lock Holding Company, Inc., and Allegion Access Technologies, LLC jointly and/or severally through their agents, servants, workmen, employees and/or representatives manufacture, designed, fabricated, assembled, installed, marketed, sold, distributed or otherwise placed into the stream of commerce the aforesaid automatic door.

40. At all times hereto, the automatic door and its various component parts were designed, manufactured, fabricated, assembled, distributed, sold, marketed, advertised, and otherwise placed into the stream of commerce by Defendants Stanley Access, Inc. d/b/a Stanley Access Technologies, Stanley Access Technologies, LLC, Stanley Access Technologies, Stanley, Stanley Logistics, LLC, Stanley Black & Decker, Inc., Allegion, PLC, Allegion,

13

Allegion Access Technologies, Allegion US Holding, III, Inc., Allegion US Holding Company, Inc., Allegion S&S Holding Company, Inc., Allegion S&S Lock Holding Company, Inc., and Allegion Access Technologies, LLC jointly and/or severally, their agents, servants, workmen, employees and/or representatives.

41.    The negligence and carelessness of the Defendants Stanley Access, Inc. d/b/a Stanley Access Technologies, Stanley Access Technologies, LLC, Stanley Access Technologies, Stanley, Stanley Logistics, LLC, Stanley Black & Decker, Inc., Allegion, PLC, Allegion, Allegion Access Technologies, Allegion US Holding, III, Inc., Allegion US Holding Company, Inc., Allegion S&S Holding Company, Inc., Allegion S&S Lock Holding Company, Inc., and Allegion Access Technologies, LLC jointly and/or severally, its agents, servants, workmen, and/or employees, consists of, but is not limited to the following:

    a.    failure to design, manufacture fabricate, assemble, sell, distribute and install the appropriate automatic door so that the user would not be struck and fall while walking in the entrance way;

    b.    designing, manufacturing, fabricating, assembling, selling and distributing an automatic door with inadequate and defective materials;

    c.    allowing the automatic door to be manufactured, fabricated, assembled, sold and distributed without the necessary structure to avoid potential malfunction;

    d.    failure to manufacture, fabricate, assemble, sell and distribute the automatic door with appropriate safety technology to avoid striking individuals entering through the doors;

    e.    failure to manufacture, fabricate, assemble, sell and distribute the automatic door without appropriate warnings and instructions for intended users;

    f.    failure to adequately warn of the inherent dangers and propensities of their products;

    g.    failure to adequately provide for protective measures against failure of said product;

14

Case ID: 240403499

h.  failure to employ adequate measures in the manufacture, fabrication, assembly, sale and/or distribution of the product to present it from ceasing to function property in such a manner as to pose a serious risk to a person lawfully traversing through the automatic door;

i.  failure to perform appropriate set up and procedures and programs in installing the automatic door;

j.  failure to supply and/or post adequate notices or warnings of the risks and dangers to individuals such as Plaintiff when traversing through the automatic doors;

k.  failure to place or install warning notices in an obvious and/or conspicuous pace on the product;

l.  failure to comply with the various laws, regulations and customs of the industry with regard to safety for such products, including but not limited to the laws of the United States of America, including the Commonwealth of Pennsylvania;

m.  failure to properly inspect the product prior to placing it in the stream of commerce;

n.  distributing a defective product;

o.  otherwise failing to use due care or course under the circumstances when Defendant knew or should have known of the serious and permanent injuries which could be caused by such failure, defect, breakage or malfunction of said product;

p.  failure to assemble the product to prevent an accident;

q.  failure to design a product with adequate materials and safety devices;

r.  failure to inspect said product prior to sale, distribution or purchase of said product;

s.  failure to properly train, control or supervise its employees in the manufacture, fabrication, assembly, sale and/or distribution of said product;

t.  making false representations to the general public that the product was safe for use, when in fact said product was defective and in a dangerous condition;

u.  utilizing defective and/or improper component parts in the design and manufacture of said product; and

15

v.    failure to engage and conduct sufficient testing protocols in the manufacture, fabrication, assembly, sale and/or distribution techniques used on the aforementioned automatic door and its component parts.

42.    The negligence and carelessness of the Defendants Stanley Access, Inc. d/b/a Stanley Access Technologies, Stanley Access Technologies, LLC, Stanley Access Technologies, Stanley, Stanley Logistics, LLC, Stanley Black & Decker, Inc., Allegion, PLC, Allegion, Allegion Access Technologies, Allegion US Holding, III, Inc., Allegion US Holding Company, Inc., Allegion S&S Holding Company, Inc., Allegion S&S Lock Holding Company, Inc., and Allegion Access Technologies, LLC jointly and/or severally, their agents, servants, workmen, contractors, sub-contractors, and/or employees as set forth herein was the proximate and sole cause of the injuries and damages to the Plaintiff's decedent and expenses incurred as set forth above.

WHEREFORE, Plaintiff, Margaret Carr   demands judgment against the Defendants Stanley Access, Inc. d/b/a Stanley Access Technologies, Stanley Access Technologies, LLC, Stanley Access Technologies, Stanley, Stanley Logistics, LLC, Stanley Black & Decker, Inc., Allegion, PLC, Allegion, Allegion Access Technologies, Allegion US Holding, III, Inc., Allegion US Holding Company, Inc., Allegion S&S Holding Company, Inc., Allegion S&S Lock Holding Company, Inc., and Allegion Access Technologies, LLC jointly and/or severally, their agents, servants, workmen, contractors, sub-contractors and/or employees, jointly and severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

16

## COUNT III
## MARGARET CARR V. STANLEY ACCESS, INC. D/B/A STANLEY ACCESS TECHNOLOGIES, STANLEY ACCESS TECHNOLOGIES, LLC, STANLEY ACCESS TECHNOLOGIES, STANLEY, STANLEY LOGISTICS, LLC, STANLEY BLACK & DECKER, INC., ALLEGION, PLC, ALLEGION, ALLEGION ACCESS TECHNOLOGIES, ALLEGION US HOLDING, III, INC., ALLEGION US HOLDING COMPANY, INC., ALLEGION S&S LOCK HOLDING COMPANY, INC., ALLEGION S&S HOLDING COMPANY, INC., AND ALLEGION ACCESS TECHNOLOGIES, LLC
## STRICT PRODUCT LIABILITY

43. Plaintiff hereby incorporates the preceding paragraphs as if the same were fully set forth at length.

44. The injuries, damages, and losses sustained by Plaintiff were caused by Defendants' distribution/supply of a defective product which was unreasonably dangerous to the ultimate users and consumers of the product, for which Defendants are strictly liable pursuant to the provisions of Section 402A of the Restatement (Second) of Torts.

45. The defective and dangerous condition of the product was unknowable and unacceptable to the average or ordinary consumer and was a condition upon normal use that was dangerous beyond the contemplation of a reasonable consumer.

46. The risk of the defective and dangerous design of the product outweighed the utility of the design, such that a reasonable person would conclude that the probability and seriousness of harm arising from the product's design outweighed the burden or cost of taking precautions.

47. The defective and dangerous design and manufacture of the product resulted in a product that was unsafe for its intended and foreseeable use, including the intended and foreseeable use of the product by Plaintiff.

48. The subject product was also dangerous and defective by virtue of the failure of Defendants to furnish the product with adequate warnings and instructions.

17

49. Before the product was distributed/supplied to Plaintiff, Defendants had actual knowledge that the product was unsafe for its intended and/or foreseeable use, that use of the product presented a risk of severe injury, and that the instructions and warnings provided with the product were inadequate to address the hazards created by the design and use of the product.

50. Notwithstanding Defendants' actual knowledge of the dangers and hazards associated with the design and use of the product as described herein, Defendants intentionally, deliberately, and recklessly continued to distribute/supply the product to consumers, including Plaintiff.

51. As a direct and proximate result of the defective and dangerous design and/or manufacture of the product, the failure to provide the product with adequate warnings and instructions, and the wanton, deliberate, and reckless conduct of the Defendants, Plaintiff was caused to suffer the injuries, damages, and losses described herein for which Plaintiff seeks compensatory and punitive damages.

WHEREFORE, Plaintiff, Margaret Carr demands judgment against the Defendants Stanley Access, Inc. d/b/a Stanley Access Technologies, Stanley Access Technologies, LLC, Stanley Access Technologies, Stanley, Stanley Logistics, LLC, Stanley Black & Decker, Inc., Allegion, PLC, Allegion, Allegion Access Technologies, Allegion US Holding, III, Inc., Allegion US Holding Company, Inc., Allegion S&S Holding Company, Inc., Allegion S&S Lock Holding Company, Inc., and Allegion Access Technologies, LLC jointly and/or severally, their agents, servants, workmen, contractors, sub-contractors and/or employees, jointly and severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

**COUNT IV**
**MARGARET CARR V. STANLEY ACCESS, INC. D/B/A STANLEY ACCESS TECHNOLOGIES, STANLEY ACCESS TECHNOLOGIES, LLC, STANLEY ACCESS TECHNOLOGIES, STANLEY, STANLEY LOGISTICS, LLC, STANLEY BLACK &**

18

Case ID: 240403499

**DECKER, INC., ALLEGION, PLC, ALLEGION, ALLEGION ACCESS TECHNOLOGIES, ALLEGION US HOLDING, III, INC., ALLEGION US HOLDING COMPANY, INC., ALLEGION S&S LOCK HOLDING COMPANY, INC., ALLEGION S&S HOLDING COMPANY, INC., AND ALLEGION ACCESS TECHNOLOGIES, LLC**
**BREACH OF WARRANY**

52.    Plaintiff reavers and incorporates all preceding paragraphs as if the same were fully set forth herein.

53.    Defendants Stanley Access, Inc. d/b/a Stanley Access Technologies, Stanley Access Technologies, LLC, Stanley Access Technologies, Stanley, Stanley Logistics, LLC, Stanley Black & Decker, Inc., Allegion, PLC, Allegion, Allegion Access Technologies, Allegion US Holding, III, Inc., Allegion US Holding Company, Inc., Allegion S&S Holding Company, Inc., Allegion S&S Lock Holding Company, Inc., and Allegion Access Technologies, LLC, jointly and/or severally expressly and impliedly warranted that the product was safe and fit for the particular purpose for which it was made.

54.    Defendants' breach of contract/warranty consisted, inter alia, of selling a defective and dangerous product.

55.    Plaintiff, in being an intended and foreseeable user of the subject door and sensor system, relied on the skill, judgment, representations and foregoing implied and express warranties of the Defendants.  Said warranties and representations were false in that the aforementioned product was not safe; was un-merchantable; and was unfit for ordinary purposes and uses for which it was intended; and caused Plaintiff's injuries and damages.

56.    Prior to the time the door and sensor system was used by the Plaintiff, Defendants had implied warranties to the general public that the said system was of merchantable quality and safe and fit for the use for which it was intended.

19

57.    The general public and the Plaintiff are unskilled in the research, manufacture, design, fabrication, assembly, sale and/or distribution of the aforementioned product and system and reasonably relied on the skill, judgment and implied warranty of the Defendants in using the aforementioned product and system.

58.    The door and sensor system was neither safe for its intended use nor of merchantable quality, as warranted by the Defendants, in that it had dangerous propensities when put to its intended use and would cause severe injuries or death to the user and/or persons in close proximity, such as Plaintiff.

59.    The aforementioned breach of warranty was the proximate cause of, and/or was a substantial factor in causing, the injuries and damages sustained by Plaintiff as set forth above.

WHEREFORE, Plaintiff, Margaret Carr demands judgment against the Defendants, Stanley Access, Inc. d/b/a Stanley Access Technologies, Stanley Access Technologies, LLC, Stanley Access Technologies, Stanley, Stanley Logistics, LLC, Stanley Black & Decker, Inc., Allegion, PLC, Allegion, Allegion Access Technologies, Allegion US Holding, III, Inc., Allegion US Holding Company, Inc., Allegion S&S Holding Company, Inc., Allegion S&S Lock Holding Company, Inc., and Allegion Access Technologies, LLC jointly and/or severally, their agents, servants, workmen, contractors, sub-contractors and/or employees, jointly and severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT V
## TIM CARR VS. ALL DEFENDANTS

60.    Plaintiff reaver sand incorporates by reference all preceding paragraphs as if the same were herein set forth at length.

61.    At all times material hereto, Plaintiff, Tim Carr, is the husband of Plaintiff, Margaret Carr.

20

62.     As a result of the injuries suffered by his wife, Plaintiff Tim Carr has and will in the future suffer the loss and deprivations of the usual services, society and consortium of his wife and has been required to provide special services and care to her.

WHEREFORE, Plaintiff, Tim Carr demands judgment against the Defendants, Wal-Mart Stores East, Inc., Wal-Mart Stores East, LP, Wal-Mart Real Estate Business Trust, Walmart, Inc., City Facilities Management (FL) LLC, John Doe 1-5, John Doe Maintenance Companies 1-5, John Doe Inspection Companies 1-5, Stanley Access, Inc. d/b/a Stanley Access Technologies, Stanley Access Technologies, LLC, Stanley Access Technologies, Stanley, Stanley Logistics, LLC, Stanley Black & Decker, Inc., Allegion, PLC, Allegion, Allegion Access Technologies, Allegion US Holding, III, Inc., Allegion US Holding Company, Inc., Allegion S&S Holding Company, Inc., Allegion S&S Lock Holding Company, Inc., and Allegion Access Technologies, LLCand each of them jointly and/or severally, their agents, servants, workmen, contractors, sub-contractors and/or employees, jointly and severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars.


                        **STAMPONE O'BRIEN DISLHEIMER HOLLOWAY**


                        BY:_____/s/ Kevin P. O'Brien_____
                             KEVIN P. O'BRIEN, ESQUIRE
                             Attorney for Plaintiff(s)


                              21

## VERIFICATION

KEVIN P. O'BRIEN, ESQUIRE, states that he is the attorney for the Plaintiff herein, that he is acquainted with the facts set forth in the foregoing pleading, that the same are true and correct to the best of his information, knowledge and belief and that this statement is made subject to the penalties of 18 Pa.C.S.A., Section 4904, relating to unsworn falsification to authorities.

/s/ Kevin P. O'Brien
KEVIN P. O'BRIEN, ESQUIRE
Attorney for Plaintiff

Case ID: 240403499